**Ricardo T. MALANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73451.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed Feb. 28, 2007.

Yemi Getachew, The Law Offices of Yemi Getachew, San Jose, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

## MEMORANDUM [*]

Ricardo T. Malang, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals's order affirming the Immigration Judge's denial of his Motion to Terminate Exclusion Proceedings and his applications for asylum and withholding of removal relief. We deny the petition.

■ Malang argues on several grounds that he was not an "arriving alien" when he last returned to the United States from the Philippines and that, as such, he was entitled to be placed in deportation proceedings. We find no merit in any of these arguments. Regardless of intent upon re-entry or physical presence in the country, a paroled alien is viewed as an "arriving alien" for immigration purposes. *See* 8 U.S.C. § 1101(a)(13)(B), (C); *see, e.g., Barney v. Rogers,* 83 F.3d 318, 321 (9th Cir.1996). Malang acknowledged that he received notice that he was subject to exclusion proceedings. Moreover, since Malang sought only a hearing for asylum and withholding of removal relief, which the exclusion proceedings provided fairly in accordance with due process, deportation proceedings would not have afforded any additional protections in any event.

■ The record before us does not compel a finding that Malang's persecution was tied to a statutorily protected ground. *See Sanchez–Trujillo v. INS,* 801 F.2d 1571, 1574 (9th Cir.1986) (requiring applicant to show persecution on account of race, religion, nationality, political opinion, or membership in a particular social group). Instead, our review indicates that the suffering was a result of the National People's Army's desire to eliminate business competition and supplement its own finances. There is no indication that Malang's business was targeted because of his real or imputed political beliefs or affiliations, or any of the other statutory grounds. Malang has not demonstrated eligibility for asylum and, likewise, he has failed to meet the more rigorous burden of clear probability of persecution necessary for withholding of removal relief. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

